CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 MAR 10 PM 4:26

DEPUTY CLERK ___NT___

Monte Earl Johnson

    Plaintiff    **3-15CV-794-G**

vs.

Dallas Police Department,
acting on behalf of the
City of Dallas, Texas

Defendant

## Petition

Comes Now the Plaintiff, Monte Earl Johnson, and for his claims against the Defendant, City of Dallas, Texas, acting by and through

their police officers and their agents, the Dallas County Jail, does state as follows:

1. That Plaintiff was standing in a parking lot of a local business near Dallas Love Field, in Dallas, Texas when he was accosted, not in a friendly manner, and was interrogated extensively about why he was in the publicly available, and not restricted to any particular people, parking lot. Mr. Johnson identified the two men questioning him by their aggressive behavior, manner in speaking with him and their uniforms as being City of ~~Dallas~~ Dallas Police

2. That Mr. Johnson's identity was thoroughly researched by the two police people before questioning him about whether he had any dangerous items in his pockets. After Mr. Johnson assured them he was not a danger to them, one, or both of them, reached into the bottom of each and every pocket in Mr. Johnson's clothing. They then took out every single item, penny, quarter, billfold or whatever they could find, and confiscated them without telling Mr. Johnson any other thing except he was subsequently taken forcibly, handcuffed, placed

in the back of a City of Dallas police and further shackled by his to the floor of the back seat where Mr. Johnson where Mr. Johnson could not present any clear and present danger to the police people.

3. Mr. Johnson, offering unfettered cooperation at all times in the parking lot, including answering each and every question willingly, did only one time ask for cooperation from the police people. Mr. Johnson felt an urge to pee very badly, as he had not ~~or to~~ urinated since arriving in Dallas from Oklahoma. That request was denied. Mr.

pointed out to the officers several people standing inside a well-lit building lobby who appeared to be watching the activities of Mr. Johnson and the Dallas Police. Mr. Johnson asked to be allowed to go to them and ask if they would permit him to pee in their rest room facility. The request was denied. Upon that denial, Mr. Johnson, in silent protest, took off his loafer shoes, placed them neatly in front of him and sat down on a curb within the parking lot. Mr. Johnson, having failed in his feeble protest which lasted no

more than three (3) minutes, returned to his feet with his shoes back on his feet and continued his previous cooperation with the police despite their refusal to cooperate with him.

4. Never at any time did any police advise him that he must, should ought or <u>will</u> leave the parking lot. In fact, when Mr. Johnson initially determined that the police had accosted him solely because of his presence in the parking lot, Mr. Johnson offered to move his vehicle from the parking area and willingly leave the pre-

mises. This, the police would not permit, without and without stating they would not permit such an act, they resumed their Mutt and Jeff questioning whereby Mutt required most of the answers and scowled frequently at Mr. Johnson's answers, though given succinctly and clearly in direct response without attempting to evade in any manner whatsoever. Jeff, for the most part, remained silent and frequently smiled at either my responses, or Mutt's scowling.

5. Subsequent to Mr. Johnson's safe and secure shackling in the back seat, alone, behind safety barriers, so that in event of any fiery crash, Mr. Johnson would not fall dangerously from the vehicle, but would remain secured where the City of Dallas Fire Depatment could easily locate Mr. Johnson and affect his rescue or recover his charred remains, Mr. Johnson was quickly and shortly dispatched to a holding pen located on the airport premises. He remained locked and handcuffed in said concrete and metal pen, until sufficient time passed for Mr.

Johnson's emotional well being to have sufficiently deteriated, at the thought of being an attorney in his home county where he grew up, and now being officially arrested and jailed for the very first time in his sixty-one (61) years, so that he might be officially prepared by the police for the zoo-like conditions at their appointed ~~temporary insanity~~ hell-hole known to locals as the Dallas County Jail. Having been adequately warmed up at Dallas Love Field, the police repeated their previous shackling procedure and proceeded without haste to the basement of the

Dallas County Jail where the police delivered the dangerous, to police, wild beast of an animal, a mortified, submissive and emotionally down, LAWYER.

6. Plaintiff later learned he had been charged with criminal trespass apparently based upon the word of a single Bombardier employee that Mr. Johnson had somehow crossed a single barrier which was located somewhere on the premises where Mr. Johnson was arrested. This statement by said Bombardier employee was false. The falsity of this statement could have been

easily surmised by Jeff, though perhaps not by Mutt since he was busy interrogating me, if Jeff had only stepped inside the Bombardier offices and said to the employees, "let's go to the tape" and find out directly whether Mr. Johnson did in point of fact actually criminally trespass. There ~~apparently~~ ARE numerous video surveillance cameras surrounding the area by surveillance. Surely, the police might have taken as much time to review the videotape of an alleged criminal act as they spent questioning Mr. Johnson.

Wherefore, Plaintiff prays that he be paid $1 million for each and every locked inside his prison known as a suicide prevention garment by some and as a straitjacket by others when said agents of the City of Dallas had neither any earthly or heavenly idea of Mr. Johnson's mental condition having never consulted with him in any manner after he was placed in his isolation cell. In addition, Plaintiff prays that he be compensated fully for his time from the moment he was accosted in a public area parking lot by Dallas Police, until the moment he walked off the premises

of the Dallas County Jail on the eighth (8th) day. In addition, Plaintiff prays that the City of Dallas be punished sufficiently by punitive damages, and otherwise, so that every lawyer in America will believe that finally the Dallas Police no longer abuse their subjects whom they have come to regard as the objects of their ~~derise~~ desires to enter into conflict as opposed to the intentional act of treating every citizen they contact as truly innocent until gather sufficient information to determine whether there is sufficient cause to believe a crime was actually committed

by the person accused, and not by the person who accuses, as in this case now before this honorable court.

Monte Earl Johnson

*Monte E. Johnson*

971 Merced Ave. #6
South Lake Tahoe, CA
96150

Phone: 918-774-2223

Jury Trial Demanded

Confiscation by Federal Marshals Demanded of all relevant videotape, documents of Bombardier, documents of City of Dallas, documents of City of Dallas Police, documents of County of Dallas Jail which may potentially be relevant to the claims made herein.

JS 44-TXND (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Monte Earl Johnson

**DEFENDANTS**
City of Dallas etc

(b) County of Residence of First Listed Plaintiff: El Dorado
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
None but me

Attorneys *(If Known)*

[Stamp: RECEIVED MAR 10 2015 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS]

3:15 CV-794-G

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS - PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS - Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*

Brief description of cause: False imprisonment & many other claims

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY** *(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 3-10-15
SIGNATURE OF ATTORNEY OF RECORD: Monte Johnson

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE